UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JOAN HUANG,<br><br>　　　　　　　Defendant. | CR 03-1284 FMC<br><br>RULING ON MOTIONS IN LIMINE |

The matter came on for hearing on the parties' Motions in Limine. Counsel were in possession of the Court's Tentative Rulings. Having heard argument, the Court issues the following orders:

<u>Government's Motion To Preclude Defendant's Hearsay Statements:</u>

<u>1) Statements to staff:</u>

**Denied.** Defendant intends to offer testimony of members of defendant's staff and/or others in the software industry that, prior to any contacts by law enforcement, defendant often told them the software industry is full of counterfeit, and she did not want to have Media Solutions tainted by any such affiliation. The Government argues that any such statements are self-serving hearsay. Defendant contends that the statements are offered to show her state of mind.

There is no question that defendant's statement of mind (on the issue of her

knowledge and intent) are relevant and material in this case. And despite the Government's contentions to the contrary, the statements at issue are classic examples of the state-of-mind exception to the hearsay rule, so long as they were made at a time when her state of mind was relevant, and are trustworthy. See *United States v. Ponticelli,* 622 F.2d. 985, 991 (9th Cir. 1985)

.

2) Statement on July 11, 2003:

**Denied (conditionally):** If defendant testifies, she may testify that during the execution of the search warrant, she denied that she'd been earlier informed that the software was counterfeit. She will be subject to cross-examination concerning both whether the statement was made and whether it was true. If she does not testify, the statement (if offered by the defendant) is inadmissible hearsay.

Government's Motion to exclude reference to Court order of 12/21/07:
**Granted.**

Defendant's Motion To Exclude 404(b) Evidence:

**Granted.** The Government seeks to admit evidence which was seized from defendant's store some months after the seizure of counterfeit software provided by Mr. Prapakamol. Possession of that software made up Count 8 of the Indictment in this case. During the first trial, defendant was acquitted of Count 8.

The Government contends that the evidence is admissible under Federal Rule of Evidence Rule 404(b) as other-crimes evidence, relevant on the issues of knowledge and intent. The Court will not admit the evidence.

Other-bad-acts evidence is disfavored because of its tendency to lighten the Government's burden and lead the jury to convict based on character rather than conduct. *See United States v. Hodges,* 770 F.2d. 1475, 1479 (9th Cir. 1985).

To the extent that the evidence is relevant on the issue of knowledge or intent, the Court finds that the prejudice to the defendant from the introduction of this

evidence far outweighs its materiality.  *See* Fed. R. Evid. 403.

<u>Defendant's Motion to Exclude Prior Misdemeanor Conviction:</u>

**Denied.**  Evidence of the prior misdemeanor convictions may be used only for purposes of impeachment, should a character witness testify that defendant is known in the community to be a law-abiding person, or that she would never sell unauthorized or illegal goods.

IT IS SO ORDERED.

January 8, 2008      _____

　　　　　　　　　　　　　FLORENCE-MARIE COOPER, Judge
　　　　　　　　　　　　　UNITED STATES DISTRICT COURT